E-FILED
Monday, 08 December, 2014 05:55:07 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 12-30098 |
| | ) | |
| LEON DINGLE, JR., and KARIN DINGLE, | ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This matter is before the Court following a Hearing on the Government's Motion to Use Leading Questions of a Witness on Direct Examination.

At a hearing on December 8, 2014, pursuant to a previous ruling by the Court, the Government called Dr. Eric Whitaker and submitted an offer of proof outside the presence of the jury. Dr. Whitaker is a former Director of the Illinois Department of Public Health.

Under Federal Rule of Evidence 611(c), leading questions ordinarily are not permitted on direct examination. Leading questions are designed

to hint at the answer the witness should give. A court may allow leading questions "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." See Fed. R. Evid. 611(c)(2).

The Advisory Committee Notes to Rule 611 provide that because it may be difficult in criminal cases to determine when a witness is "identified with an adverse party," the rule must be applied with caution. While he was Director of the Illinois Department of Public Health, Dr. Whitaker had significant contact with Defendant Leon Dingle, Jr. Dr. Whitaker testified he believes his last contact with Dr. Dingle was around the time Dr. Dingle and Karin Dingle were indicted in October of 2012. Therefore, it does not appear Dr. Whitaker is currently identified with Dr. Dingle.

The Advisory Committee Notes further provide that leading questions may be permissible if the witness is "unwilling or biased" even if that witness is not associated with an adverse party. Although Dr. Whitaker appeared willing to answer any and all questions at the hearing today, Dr. Whitaker acknowledged that he has made a number of statements that were critical of the Government and various investigations conducted by

2

the Government. He stated that he was concerned that investigations were politically or racially motivated. Moreover, Dr. Whitaker testified he believes the Government may have leaked certain information to the media. Dr. Whitaker stated that in private conversations, he has used expletives to describe the Government.

For these reasons, the Court finds that Dr. Whitaker has made statements which establish that he is a witness who is hostile to the Government. Accordingly, the Government may use leading questions on direct examination if it calls Dr. Whitaker as a witness.

<u>Ergo</u>, the Government's Motion to Use Leading Questions of a Witness on Direct Examination [d/e 106] is ALLOWED, as provided in this Order.

ENTER: December 8, 2014

    FOR THE COURT:

                                                    s/Richard Mills
                                                    Richard Mills
                                                    United States District Judge