IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 12-30098 |
| | ) | |
| LEON DINGLE, JR., and KARIN DINGLE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This matter is before the Court following the jury instruction conference on December 12, 2014.

The Court has reviewed the Parties' proposed instructions and considered their objections and arguments.

I.

(1)  The Court first considered Government Instruction No. 20 and Defendant's Instruction No. 19, which both instruct as to the elements of

mail fraud.[1]   The Parties agreed that Defendant's No. 19 will be given as modified.

(2)   The Court next considered Government's No. 21 and Defendant's No. 21.  There are competing objections.  The Government's proposed instruction includes a paragraph pertaining to "the omission or the concealment of material information," while the Defendant's does not. The mail fraud statute does not include the words "omission" or "concealment."  The Committee comment states that Seventh Circuit cases have suggested that an "omission-based fraud scheme must include an act of concealment."  "[A] failure to disclose information may constitute fraud if the 'omission [is] accompanied by acts of concealment.'"  United States v. Powell, 576 F.3d 482, 491 (7th Cir. 2009) (quoting United States v. Stephens, 421 F.3d 503, 507 (7th Cir. 2005)).

Because the third paragraph suggests that an omission alone is sufficient to constitute a scheme to defraud and that is not entirely consistent with Seventh Circuit authority, the Court will give Defendant's

---

[1]Unless otherwise indicated, the "Defendant's Instruction" refers to instructions proposed by Defendant Leon Dingle, Jr.

No. 21 which does not include the third paragraph. Certainly, the Government is free to argue about any omissions, misrepresentations or other acts of concealment which are part of the evidence.

(3) The Court next considered Defendant's No. 16, which relates to the Count 1 conspiracy charge and pertains to unanimity on specific acts. The proposed instruction is based on Seventh Circuit Nos. 4.04 and 5.08(A), in addition to United States v. Griggs, 569 F.3d 341, 344 (7th Cir. 2009) and United States v. Davis, 471 F.3d 783, 791 (7th Cir. 2006). Defendant Karin Dingle agrees that this instruction should be given. The Government objects to the instruction.

The Committee Comment to No. 4.04 provides that, pursuant to Richardson v. United States, 526 U.S. 813, 817 (1999) and Schad v. Arizona, 501 U.S. 624, 631-32 (1991), unanimity would appear to be required when the government alleges more than one possibility for an element of the crime but not when the government contends that a defendant committed an element of the crime using one or more of several possible means. The Committee Comment provides that the Seventh

Circuit has not addressed whether unanimity is required with respect to allegations regarding "multiple false statements, promises, or representations." However, it is unlikely that these would be considered elements. "Failing to agree on the overt act that the defendant committed is not like failing to agree on the object of the conspiracy." Griggs, 569 F.3d at 344; see also Daniel, 749 F.3d at 614 (agreeing with other courts that determined the fraudulent representations or omissions committed by defendant were the means used to commit an element of the offense and thus no unanimity instruction was required).

The Committee Comment to No. 5.08(A) does in (e) address unanimity regarding the object of a multiple-object conspiracy. However, the object charged in this Indictment was to defraud. Because there are not multiple objects of the conspiracy, the Court does not believe that an instruction on unanimity is necessary. Accordingly, Defendant's No. 16 will not be given.

(4) The Government's No. 32 and Defendant's No. 14 are competing instructions based on Seventh Circuit No. 4.10, which is the instruction

regarding the definition of "knowingly." Both Defendants object to the Government's version, which includes the second paragraph commonly referred to as the "ostrich" instruction.

An "ostrich" instruction is not appropriate in every case. Relying on United States v. Carani, 492 F.3d 867, 873 (7th Cir. 2007), the Committee Comment provides that it is appropriate if "(1) the defendant claims a lack of guilty knowledge, and (2) the government has presented evidence sufficient for a jury to conclude that the defendant deliberately avoided learning the truth." "Deliberate avoidance is more than mere negligence; the defendant must have deliberately avoided acquiring knowledge of the crime being committed by cutting off his curiosity through an effort of the will." United States v. Salinas, 763 F.3d 869, 880 (7th Cir. 2014) (internal quotation marks and citations omitted).

The government does not have to choose between presenting an actual knowledge case or a conscious avoidance case; it may rely on both theories if there is a basis in the evidence. See United States v. Broeske, 178 F.3d 887, 890 (7th Cir. 1999).

The Court finds that there is a basis for an "ostrich" instruction in this case. This is particularly true based on some of the testimony and evidence presented relating to Mrs. Dingle.

Accordingly, the Court will give Government's No. 32 and declines to give Defendant's No. 14.

(5) The Defendant next objects to Government's No 32A, which is the so-called Pinkerton instruction based on Seventh Circuit No. 5.11 and relating to a conspirator's liability for substantive crimes committed by co-conspirators where a conspiracy is charged.

This is a settled legal principle which is nearly seventy years old. In Pinkerton v. United States, 328 U.S. 640, 647-48 (1946), the United States Supreme Court held that defendants are liable for the foreseeable actions of their co-conspirators.

The two Defendants are alleged to have engaged in a conspiracy with multiple individuals. The instruction properly alleges that each element must be proven beyond a reasonable doubt and that the crimes must have been committed in furtherance of the conspiracy, as required by the

Seventh Circuit.  See United States v. Stott, 245 F.3d 890, 908-909 (7th Cir. 2001).  The instruction further states that the Government is pursuing Pinkerton responsibility as an alternative to direct responsibility, which is consistent with the requirements of the Committee Comment.

Based on the evidence presented and the applicable law, the Court finds that the instruction is appropriate in this case.  Therefore, Government's No. 32A will be given.

(6) The Government's No. 34A is based on Seventh Circuit No. 4.08 and instructs the jury not to consider the possible punishments for the Defendants.  The Defendants object to the instruction on the basis that it presumes a guilty verdict.  The Committee Comment states that the instruction is optional.

The Government is requesting the instruction because in his opening statement several weeks ago, an attorney for one of the Defendants stated something to the effect that the Government should be pursuing a civil remedy and not a criminal case that could result in incarceration for the Defendant.

The Court believes that was the only reference to the possible punishment for the Defendants if convicted. There has been no evidence presented regarding the range of sentences the Defendants might face. Moreover, the only mention of sentencing ranges was from the testimony of cooperating witnesses.

Based on the foregoing, the Court declines to give Government's No. 34A.

(7) The Government's No. 29 and Defendant's Nos. 12 and 13 are competing instructions on conspiracy–overt act required–and are based on Seventh Circuit No. 5.08(A).

The Government's proposed instruction tracks exactly the language of No. 5.08. The Defendant's proposed instruction omits a statement pertaining to the required overt act in furtherance of the conspiracy.

Therefore, Government's No. 29 will be given instead of Defendant's Nos. 12 and 13.

(8) The Government submitted proposed verdict forms. The Defendant suggested that although no alternatives were submitted, he may

have issues with the Government's proposed verdict forms.

The Court recognizes that because of the number of counts, the verdict forms that are appropriate in other cases might not be so in this one. The issue will be held in abeyance pending the submission of any alternative forms. If no alternative verdict forms are submitted, the Court will use the Government's proposed verdict forms.

## II.

(1) The Defendant's No. 10 references demonstrative summaries/charts not received in evidence and is based on Seventh Circuit No. 3.17.

Because the Defendant has not yet determined whether any demonstrative exhibits would be produced, the Court is holding the appropriateness of this instruction in abeyance.

(2) The Defendant's No. 15 is a "good faith" instruction and is based on Seventh Circuit No. 6.10. The Government objects to this instruction, on the basis that there has been no good faith theory of defense which has been asserted by either Defendant.

The Committee Comment provides that the Seventh Circuit has questioned the benefit of this instruction given that the jury is already instructed that the Defendants must act "knowingly." Additionally, in conjunction with the knowledge instruction, the ostrich instruction which specifies that a defendant who acts through "ignorance, mistake or accident" or is "mistaken or careless in not discovering the truth" sufficiently apprises the jury of a good faith theory of defense. See United States v. Manjarrez, 258 F.3d 618, 627 (7th Cir. 2001).

Accordingly, the Court declines to give Defendant's No. 15.

(3) Defendant's No. 17 is an instruction which provides that a person acting in "good faith" has not willfully violated tax and other technical statutes. This proposed instruction is based on Seventh Circuit No. 6.11. The Government objects to the instruction.

Because the Defendants here are no charged with violating tax and other technical statutes, the Court does not believe it is an appropriate instruction based on the charges in this case. Accordingly, the instruction will not be given.

(4) Defendant's No. 22 states as follows:

> Acts designed merely to conceal the existence of a charged scheme or a defendant's involvement in the scheme are not acts in furtherance of the scheme. In determining whether a particular defendant participated in one of the charged schemes, you may not use evidence of another defendant's acts of concealment as a basis to convict the defendant of the underlying scheme.

The Defendant cites Grunewald v. United States, 353 U.S. 391 (1957) and United States v. Gabriel, 920 F. Supp. 498 (S.D. N.Y. 1996).

The Court concludes that Grunewald is inapposite. In Grunewald, the Supreme Court held that post-conspiracy attempts at concealment did not extend the conspiracy for purposes of the statute of limitations. 353 U.S. at 395, 398. The Court distinguished between acts of concealment in furthering the conspiracy and acts of conspiracy done after the conspiracy's objectives had been accomplished. See id. at 405. Because it is not aware of any acts of concealment alleged to occur after the conspiracy in this case, the Court concludes the instruction is inappropriate.

Because Gabriel also dealt with an attempt to extend the length of the conspiracy to overcome a statute of limitations defense, see 920 F. Supp.

at 505, the Court finds it to be unpersuasive.

Accordingly, the Court declines to give the Defendant's No. 22.

III.

The Parties will ensure that the instructions are in the appropriate order and the font is consistent throughout. If there is not complete agreement as to the order the instructions are given, then the Court will decide on the order.

Any issues not addressed have been held in abeyance.

<u>Ergo</u>, the Court resolves the Objections as follows:

As agreed by the Parties, the Defendant's No. 19 as modified will be given instead of the Government's No. 20.

The Defendant's No. 21 will be given instead of the Government's No. 21.

The Defendant's No. 16 will not be given.

The Government's No. 32 will be given instead of the Defendant's No. 14.

The Government's No. 32A will be given.

12

The Government's No. 34A will not be given.

The Government's No. 29 will be given instead of the Defendant's Nos. 12 and 13.

The issue of verdict forms is held in abeyance pending the submission of any alternative forms by the Defendants.  If no forms are submitted, then the Government's verdict forms will be used.

The Defendant's No. 10 is held in abeyance, pending their determination of whether any demonstrative summaries or charts not received in evidence are shown to the jury.

The Defendant's No. 15 will not be given.

The Defendant's No. 17 will not be given.

The Defendant's No. 22 will not be given.

ENTER: December 15, 2014

FOR THE COURT:

 s/Richard Mills
Richard Mills
United States District Judge