IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-30098 |
| ) | |
| LEON DINGLE, JR., ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending is the Motion of Defendant Leon Dingle, Jr., Ph.D., for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).

As directed, the Government has filed a Response to the Motion.

I.

The motion provides Dr. Leon Dingle, Jr. is an 82-year old African-American inmate suffering from a number of significant health problems which diminish his ability to care for himself in the prison setting. Although counsel states he was not able to obtain all of Dr. Dingle's medical records from the Bureau of Prisons (BOP), the Presentence Investigation Report prepared in 2015 documented Dr. Dingle's bladder diverticulum which causes severe urination problems, high blood pressure

1

and high cholesterol. Additionally, Dr. Dingle attached the "Patient Discharge Instructions" he received on July 31, 2019 from St. Luke's Hospital in Duluth, Minnesota, documenting his continued urinary problems, gross hematuria (blood in the urine), a diagnosis of Parkinson's disease, hypertension and anemia. Dr. Dingle has submitted to the Court sworn statements from two fellow inmates detailing his need for assistance. The inmates describe Dr. Dingle's inability to care for himself, his inability to walk any distance and the fact that he often falls and needs help to get up. Dr. Dingle requires assistance in bathing, shaving and dressing. Both inmates say he cannot function without their assistance. All of Dr. Dingle's health problems are chronic.

The Centers for Disease Control and Prevention (CDC) has identified individuals who are over 65 and who suffer from chronic diseases such as serious heart conditions as being at a higher risk of death from the coronavirus. More men than women are being hospitalized and the data suggests that "black populations might be disproportionately affected by COVID-19."

The motion further provides that as of April 8, 2020, eight BOP inmates have died from COVID-19. According to the BOP website, 253 inmates and 85 staff have tested positive for COVID-19 across 34 BOP facilities and 7 halfway houses. There are likely significantly more positive cases within the BOP system. On April 3, 2020, Attorney General William Barr issued a memorandum finding that emergency

conditions due to the COVID-19 pandemic "are materially affecting the functioning of the Bureau of Prisons."

## II.

Since President Trump signed the First Step Act into law on December 21, 2018, defendants may now bring their motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A). The law provides the sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on extraordinary or compelling reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]." *See* 18 U.S.C. § 3582(c)(1)(A).

The Defendant has exhausted his administrative remedies.

The Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release

statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. *See* 18 U.S.C. § 3582(c)(1)(A).

The applicable guideline instructs that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release and the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. *See* U.S.S.G. § 1B1.13. Application Note 1 states that extraordinary and compelling reasons exist if the defendant is "suffering from a serious physical or medical condition," or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, comment (n.1).

As detailed herein, the record establishes that Dr. Dingle suffers from multiple serious physical conditions and he can no longer care for himself. Because Dr. Dingle's health problems are chronic, he meets the criteria set forth in application note 1.

Upon considering the other factors, Dr. Dingle does not a present a risk to the community and is not likely to commit another offense. The Court further finds that the worsening global pandemic of COVID-19 presents an extraordinary and

compelling reason for a sentence reduction for an 82-year old man with serious health issues.

The Government states that, after reviewing the Defendant's medical history and upon consultation with BOP, it has no objection to the motion. Based on all of the circumstances, the Court concludes that the approximately 45 months Dr. Dingle has served are sufficient to satisfy the purposes of sentencing.

For good cause shown, therefore, the Court will grant the motion for compassionate release.

The motion states that if released, Dr. Dingle will reside with his wife in a Chicago apartment, where they have lived for over 40 years. His wife, Karin Dingle has completed her term of imprisonment and is now on supervised release.

*Ergo*, the Motion of Defendant Leon Dingle, Jr., for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [d/e 314] is GRANTED.

Defendant Leon Dingle's sentence is reduced to time served and he is immediately released to his residence at 601 East 32nd Street, Apartment 1101, Chicago, Illinois, to begin his three years of supervised release.

The Clerk will terminate as moot the Defendant's pro se motion to reduce sentence [de 310].

The supervised release term and conditions shall remain as previously imposed with right of modification by the U.S. Probation Office.

All other aspects of the Judgment shall remain in effect.

The Clerk will send a copy of this Order to the United States Probation Office and prepare a Judgment.

ENTER: April 20, 2020

    FOR THE COURT:

                                        /s/ *Richard Mills*
                                        Richard Mills
                                        United States District Judge